### Anna Boyer v. Mary P. Donne.

1. VERDICTS—*When Conclusive.*—A verdict upon a question of fact on the evidence submitted is, in general, conclusive.

Trover.—Trial in the Circuit Court of Clinton County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Finding and judgment for defendant; appeal by plaintiff. Heard in this court at the August term, 1898. Affirmed. Opinion filed March 10, 1899.

This is an action in trover for the alleged conversion of a note, dated November 10, 1886, for $728, payable one year after date to Anna Boyer and signed by Saloma Stein, Katherine Stein, Rosa Stein, Peter Stein, William Stein, Victor Stein and Ida Stein. The note was indorsed in blank by the payee and delivered to Robert C. Lambe to be used as collateral in securing money already borrowed by

appellant from appellee.  It was to take the place of a note executed by the father of the Steins, who was then dead, which with other security, had been delivered to the husband of appellee as her agent, as collateral for $2,000 borrowed by appellant from appellee.  The original Stein note was not satisfactory collateral, on account of interest unpaid for several years, and was therefore returned after the money had been loaned.  R. C. Lambe was a lawyer, apparently in good standing, and had acted for appellant before in making a loan and acted for her in securing this loan.

When the new Stein note was executed it was placed in his hands, and at his suggestion and under his advice, was indorsed in blank by appellant.  Instead of delivering it as collateral he inserted the name of J. C. Burnside over the name of the payee on the back of the note and sold it to Burnside and converted the proceeds to his own use.

Subsequently appellant paid the loan to appellee and called on Lambe for the Stein note.  He first told her that it was on file at the court house.  Appellant called on him several times for the note and was put off with different excuses.  She finally heard that it was sold to Burnside, and again calling on Lambe, he promised to pay her in a couple of days.  Not receiving the note nor its proceeds appellant brought this suit.

The gist of the declaration is, in substance, an averment by the plaintiff that the defendant received the note and wrongfully converted it to her use.  Defendant denied ever receiving the note.  A jury was waived and trial by the court and judgment for the defendant.

James McHale and J. G. Irwin, attorneys for appellant.

T. E. Ford and M. P. Murray, attorneys for appellee.

Mr. Justice Worthington delivered the opinion of the court.

This case hinges upon the issue as to whether Lambe,

when he converted the Stein note to his own use, was the agent of appellant or of appellee. If he was the agent of appellee she is liable for its conversion. If he was not her agent she is not liable. The *onus* of proving that he was the agent of appellee was upon appellant. It is a question of the weight of evidence. The trial court upon this issue found for appellee. We see no valid reason for disagreeing with this finding. Judgment affirmed.